## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**JOHN S. HOLLINGSHEAD,**

      Plaintiff,

v.

**THE STANLEY WORKS, THE STANLEY WORKS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY,**

      Defendants.

---

## COMPLAINT

---

COMES NOW the Plaintiff, John S. Hollingshead, by and through his attorneys, Jouard & Pickering, P.C., and for his Complaint against the Defendants, states and alleges as follows:

### PARTIES AND JURISDICTION

1.    At all times relevant to the allegations set forth in this Complaint, Plaintiff has been a resident of the County of Larimer, State of Colorado.

2.    Defendant The Stanley Works (hereafter "Stanley") is a Connecticut corporation in good standing and doing business within the State of Colorado. Defendant Stanley is identified as the Plan Administrator for the Stanley Works Long Term Disability Plan.

3.    Defendant Aetna Life Insurance Company (hereafter "Aetna"), is a Connecticut corporation. Aetna is registered with the Colorado Division of Insurance and does business throughout the United States and in the State of Colorado.

4.      Defendant Stanley Works Long Term Disability Plan (hereafter "Plan") has been at all times material to the allegations of this Complaint an employee welfare benefit plan administered under ERISA and is a proper party defendant pursuant to 29 U.S.C. § 1132(d)(1).

5.      At all times relevant to the allegations of this Complaint, Aetna issued to Stanley a group disability insurance policy providing short and long term disability benefits to eligible Stanley employees, including the Plaintiff.

6.      Pursuant to the terms of the Plan, Stanley is the plan administrator, although in practice Defendant Aetna is responsible for administration of the disability plan, responsible for determining eligibility for long term disability, and responsible for payment of benefits.

7.      Jurisdiction is appropriate in this Court under 28 U.S.C. § 1331 (general federal question jurisdiction) and 29 U.S.C. § 1132(e) (ERISA jurisdiction).

8.      Venue is appropriate in the United States District Court for the District of Colorado pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1441.

## GENERAL ALLEGATIONS

9.      On or about August 31, 1987, Plaintiff was initially employed by National Manufacturing Company as a territory account manager based in Fort Collins, Colorado. National Manufacturing Company was later acquired by Stanley.  Plaintiff worked in this capacity for twenty years from 1987 until August, 2007.

10.     In August, 2007, Plaintiff was assigned the job of training manager.  As a training manager, Plaintiff was required to travel extensively to stores carrying Stanley products to train new and existing sales staff in all company functions.  As a training manager, Plaintiff was required to frequently bend, stoop, crawl, reach above his shoulders, kneel and lift, carry up to twenty-five pounds in stocking merchandise, and set up store displays.  In his job as training

manager, Plaintiff was required to occasionally lift up to fifty pounds or more. Plaintiff's job duties as a training manager required him to sit, stand, and walk for significant periods of time throughout the day.

11.    Plaintiff performed his job duties as a training manager admirably and received positive employment evaluations.

12.    Prior to becoming a training manager, Plaintiff underwent bilateral knee replacements on December 15, 2004 as a result of extensive osteoarthritis in both of his knees.

13.    As a result of his job duties as a training manager, Plaintiff aggravated and worsened the arthritis in both of his knees. Plaintiff suffered with pain and swelling in both knees and required continued medical care and treatment for his symptomatic complaints, including injections, medications, and physical therapy.

14.    On or about March 20, 2008, Plaintiff was seen by his treating orthopedic surgeon, Roger Sobel, M.D., for continuing bilateral knee pain, the left worse than the right. Dr. Sobel provided specific work restrictions for the Plaintiff at that time and indicated that Plaintiff was only able to stand for sixty minutes at a time and that he should not stand or walk in combination for more than three hours in a work day.

15.    On or about April 23, 2008, Plaintiff's treating physical therapist recommended that Plaintiff avoid any activities involving prolonged standing or walking, kneeling or squatting, or climbing multiple flights of stairs. Plaintiff's physical therapist recommended that Plaintiff avoid being on his feet longer than three hours per day and that he should avoid job duties which required merchandising or stocking.

16.    Plaintiff continued to work as a training manager for Stanley, although he was frequently required to violate the restrictions that had been provided by Dr. Sobel. On July 29,

2008, Dr. Sobel told the Plaintiff that he should avoid stocking shelves and merchandising, in addition to the previous restrictions provided by Dr. Sobel. Plaintiff was unable to perform the material duties of his occupation as a training manager for Stanley with the limitations and restrictions that were provided by his treating medical providers, including Dr. Sobel.

17.    Notwithstanding his limitations and restrictions that prevented Plaintiff from performing the material duties of his job as a training manager for Stanley, Plaintiff continued to be employed by Stanley until he was forced to resign on or about August 18, 2008, because he was no longer able to perform the duties of his job as a training manager or the job responsibilities of alternative employment.

18.    At all relevant times during which the Plaintiff was employed by Stanley, Plaintiff was an insured participant in the Group Plan issued by Aetna to Stanley.

19.    The terms of the Plan provide payment of monthly disability benefits if a participant meets the definition of disability under the terms of the Plan. The definition of disability under the Plan provides:

> **Test of Disability**
> From the date that you first become disabled and until Monthly Benefits are payable for 24 months, you will be deemed to be disabled on any day if:
> - You are not able to perform the **material duties** of your **own occupation** solely because of disease or **injury**; and
> - Your work earnings are 80% or less of your adjusted predisability earnings.
>
> After the first 24 months that any Monthly Benefit is payable during a period of disability, you will be deemed to be disabled on any day if you are not able to work at any **reasonable occupation** solely because of:
> - disease; or
> - **injury.**

20.    Plaintiff was disabled as defined under the terms of the Plan when he was forced to resign from his employment effective August 18, 2008. Plaintiff's primary disabling

condition related to advanced arthritis in both of his knees, which resulted in substantial work restrictions.

21.    Prior and subsequent to his resignation, Plaintiff inquired of representatives of Stanley regarding his eligibility for disability benefits.  Plaintiff was told by representatives of Stanley that he was not insured under the Plan.

22.    Through further inquiry, Plaintiff learned that he was insured under the Plan and made a claim for LTD benefits on September 25, 2009.  Plaintiff's application was supported by the Attending Physician's Statement from Roger Sobel, M.D. and other objective medical evidence.

23.    Plaintiff was determined eligible for LTD benefits by Aetna, and this decision was communicated by Aetna in a letter dated December 21, 2009.  As part of its evaluation, the responsible Aetna representative concluded that "you meet the definition of Disability under the plan."

24.    Pursuant to the approval of his claim, Plaintiff was awarded disability benefits under the Plan with an effective date of disability of August 17, 2008.  Funds representing past due benefits were directly deposited into Plaintiff's bank account.

25.    Inexplicably, on December 29, 2009, the decision to grant Plaintiff disability benefits was "rescinded" by Aetna.  Although the Aetna policy provides no basis upon which to "rescind" an earlier award of benefits, Aetna determined that Plaintiff was not eligible for LTD benefits because he was not insured under the policy at the time he became disabled and that he did not meet the definition of disability under the policy based upon a medical review performed subsequent to the date that Plaintiff was determined eligible for LTD benefits.

26.     On or about January 6, 2010, representatives of Aetna wrongfully withdrew funds previously deposited in Plaintiff's bank account without Plaintiff's express or implied consent with the intention of permanently depriving Plaintiff of the use of the withdrawn funds.

27.     On January 12, 2010 Aetna issued a decision reversing the decision that Plaintiff was entitled to disability benefits, determining that Plaintiff was not "eligible" for LTD coverage, and that in any event, Plaintiff did not meet the definition of "Disability" under the terms of the Plan.   Aetna's decision was completely contrary to its prior determination of December 21, 2009 and was arbitrary and capricious.

28.     On February 22, 2010, Plaintiff appealed the denial of his claim to Aetna.   The appeal was supplemented on March 1, 2010, March 9, 2010, March 12, 2010, April 2, 2010, May 13, 2010, and May 20, 2010 with the assistance of the undersigned counsel.   The appeal letters included additional evaluations of Plaintiff's condition, including an extensive functional capacities evaluation.

29.     Pursuant to the terms of the Aetna policy, a decision on the appeal was to be determined within forty-five days of the date of the appeal.

30.     By letter dated June 24, 2010, Aetna reversed the determination of December 29, 2009 that Plaintiff was not eligible for LTD benefit because he was not insured at the time he became disabled.   Aetna Appeal Specialist, Lesterine Fowler, specifically determined that contrary to the denial of his claim, Plaintiff was covered under the LTD policy at the time of his disability.  She determined that Plaintiff was disabled as of August 16, 2008 and that his last day of employment was August 18, 2008.   Lesterine Fowler determined that further review and clarification "is necessary to assess if your client meets the policy definition of disability as

outlined above." The claim was, therefore, "re-opened" and the file was referred back to the operations team for LTD benefit consideration.

31.     Despite the passage of nearly ten months since the filing of Plaintiff's appeal and six months since the time that Plaintiff's claim was "re-opened" and referred back to the operations team for LTD benefit consideration, no decision has issued with regard to Plaintiff's claim.

32.     The evidence in Aetna's claim file establishes that Plaintiff meets the definition of "Disability" under the terms of the Plan.

33.     In denying Plaintiff's claim, Aetna ignored all documentation and information it had available to it from Plaintiff, including from Plaintiff's treating medical providers and others showing that the Plaintiff was disabled.

34.     Defendant Aetna's denial of LTD benefits is and has been in derogation of Plaintiff's rights by contract and under applicable law.

35.     Defendant Aetna's rescission and subsequent denial of Plaintiff's claim for disability benefits, and its refusal to reverse its decision on review of Plaintiff's claims, were not substantially justified, were arbitrary and capricious, were unsupported by substantial evidence, constitute an abuse of discretion allowed, and were wrongful under the circumstances.

36.     Based upon the substantial evidence provided to Aetna, Plaintiff has met and continues to meet all of the Plan's conditions for long term disability benefits.   Plaintiff is entitled to long term disability benefits retroactive to February 13, 2009, and said benefits are due and owing through the date of judgment with interest due on all past-due payments.

37.     Since the time of filing his claim for disability benefits, Plaintiff has been and remains disabled as that term is defined by the Plan.

38.     Based upon Aetna's failure and refusal to make a determination regarding Plaintiff's claim and its failure to follow the appeal provisions set forth in the Plan, Plaintiff has exhausted his administrative remedies, and Plaintiff's claims are ripe for adjudication. 29 C.F.R. § 2560.503-1(l) (2008).

## FIRST CLAIM FOR RELIEF
(Claim for Benefits Due – ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B))

39.     Plaintiff incorporates the allegations of the above paragraphs as if fully set forth herein.

40.     ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) provides a Plan participant such as Plaintiff with a civil action to recover benefits due under a plan and to enforce his rights under the terms of the Plan. Plaintiff is entitled to recover long term disability benefits due to him under the terms of the Plan.

41.     Under 29 U.S.C. § 1132(a)(1)(B), Plaintiff is entitled to clarification that he has rights to payment of future long term disability benefits under the terms of the Plan providing such benefits.

42.     Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiff is entitled to a declaration that Aetna is obligated to pay Plaintiff benefits for his long term disability and injunctive relief requiring Aetna to provide such benefits as long as Plaintiff remains disabled.

43.     29 U.S.C. § 1133 requires that a claimant for benefits whose claim has been denied in whole or in part is entitled to a "full and fair review" of the denials of his claims.

44.     As a direct result of Aetna's violations of ERISA and/or the specific provisions of the Plan alleged above, Plaintiff has been denied benefits due and has been denied a full and fair review of his claim.

45.     Pursuant to 29 U.S.C. § 1132(g), Plaintiff is entitled to an award of his reasonable attorneys' fees and costs incurred in bringing this action.

## SECOND CLAIM FOR RELIEF
(Violation of C.R.S. § 10-3-1116)

46.     Plaintiff incorporates the allegations set forth in the above paragraphs as if fully set forth herein.

47.     C.R.S. § 10-3-1116 is a law regulating insurance and is saved from preemption as a law regulating insurance under ERISA.

48.     Defendants had the duty under C.R.S. § 10-3-1116, not to unreasonably delay or deny Plaintiff's right to benefits under the Plan.

49.     In violation of C.R.S. § 10-3-1116, Aetna has unreasonably denied and delayed payment of long term disability benefits to the Plaintiff.

50.     Pursuant to the terms of C.R.S. § 10-3-1116, the denial of Plaintiff's long term disability claim must be reviewed on a *de novo* basis by the Court.

51.     Pursuant to C.R.S. § 10-3-1116, Plaintiff is entitled to recover reasonable attorneys' fees and costs, as well as two times the covered benefit under the Plan.

## THIRD CLAIM FOR RELIEF
(Refusal to Supply Requested Plan Documents 29 U.S.C. § 1132(c))

52.     Plaintiff incorporates the allegations of the above paragraphs as if fully set forth herein.

53.     On August 7, 2009, Plaintiff, through undersigned counsel, requested from The Stanley Works a copy of the Stanley Long Term Disability Plan. Such request was sent to Stanley by certified mail and was accepted on August 14, 2009. Despite such request, Plaintiff has never received a complete copy of the Plan documents.

54.    Plaintiff first received a version of the Long Term Disability Plan on April 14, 2010.

55.    On February 22, 2010, Plaintiff, through undersigned counsel, requested in writing and by facsimile that Aetna, as the administrator for Stanley, produce its complete claims file, as well as other relevant documents.  On March 1, 2010, undersigned again requested this information from Aetna in writing and by facsimile.  Plaintiff, through counsel, made several other requests for the claim file and relevant documents.  Upon information and belief, Aetna has not supplied the complete claims file or the documents requested by Plaintiff through counsel.

56.    Pursuant to 29 U.S.C. § 1132(c)(1) (as amended by 29 C.F.R. § 2575.502c-1) Plaintiff is entitled to penalties of $110.00 per day for Stanley's and Aetna's failure to provide the requested documents within thirty days of his request.

### FOURTH CLAIM FOR RELIEF
(Civil Theft in Violation of C.R.S. § 18-4-405)

57.    Plaintiff incorporates the allegations of the above paragraphs as if fully set forth herein.

58.    Plaintiff was and remains legally entitled to the long term disability benefits that were deposited into his bank account by Defendant Aetna.

59.    On or about January 6, 2010, Defendant Aetna – without authorization, express or implied from the Plaintiff – withdrew the long term disability benefit funds previously deposited into the Plaintiff's bank account.  Such actions on behalf of Defendant Aetna were not authorized by the Direct Deposit Authorization signed by the Plaintiff or any other contractual agreement.

60.    Defendant Aetna obtained possession of the deposited funds which were properly paid to the Plaintiff and which were rightly owned by and owed to the Plaintiff.

61.     Defendant Aetna has retained the funds withdrawn from the Plaintiff's bank account with the specific intent of permanently depriving the Plaintiff of the use and benefit of the deposited benefits.

62.     Defendant Aetna's conduct constitutes theft under C.R.S. § 18-4-405, entitling the Plaintiff to recovery of treble damages and an award of attorney's fees and costs under said statute.

WHEREFORE, Plaintiff John S. Hollingshead requests a judgment in his favor and against Defendants, and that the Court provide relief against the Defendants as follows:

(a)     Declare that Defendants have failed to comply with the obligation under 29 U.S.C. § 1133 and its implementing regulations to provide the Plaintiff with the opportunity for a full and fair review of the denial of his claim and also violated those obligations by failing to fully and fairly review the claim denial;

(b)     Declare that the Plaintiff is disabled within the meaning of the plan and is entitled to long term disability benefits under the Defendant Plan;

(c)     Order Aetna to pay past-due long term disability benefits to Plaintiff from February 13, 2009 to the date of the judgment, together with interest at the legal rate on each monthly payment from the date it became due to the date it is paid, or, in the alternative, a remand to the plan administrator for a determination of Plaintiff's claim consistent with the terms of the Plan;

(d)     Order Defendant Aetna and/or the Plan to pay Plaintiff's costs of suit herein, and a reasonable attorneys' fee pursuant to 29 U.S.C. § 1132(g);

(e)     Determine and declare that Plaintiff is entitled to receive long term disability benefits so long as he continues to meet the terms and conditions in the Plan for receipt of benefits;

(f)     Determine that Defendant Aetna unreasonably delayed and denied Plaintiff claim and that Plaintiff is entitled to payment of his reasonable attorneys' fees pursuant to C.R.S. § 10-3-1116 and two times the amount of the covered benefit as provided by statute;

(g)     Order Defendants Stanley and Aetna to pay penalties pursuant to 29 U.S.C. § 1132(c), based upon their failure to provide plan documents requested in a timely manner;

(h)     Determine that Defendant Aetna committed a civil theft of funds deposited in the Plaintiff's bank account when it withdrew funds properly deposited in the Plaintiff's account and that Plaintiff should be entitled to recover his attorneys' fees and treble damages pursuant to C.R.S. §18-4-405; and

(i)     Grant such other and further equitable relief as this Court deems just and proper.

DATED this 22nd day of December, 2010.

JOUARD & PICKERING, PC.

By: _____
Stephen J. Jouard
2038 Caribou Drive, #100
Fort Collins, Colorado 80525
Telephone:   970-482-1977

Attorneys for Plaintiff John S. Hollingshead