**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 10-cv-03124-WJM-CBS

JOHN S. HOLLINGSHEAD,

      Plaintiff,

v.

THE STANLEY WORKS LONG TERM DISABILITY PLAN and
AETNA LIFE INSURANCE COMPANY,

      Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT**
**AETNA'S PARTIAL MOTION TO DISMISS, AND GRANTING**
**DEFENDANT STANLEY'S PARTIAL MOTION TO DISMISS**

---

In this action involving long term disability benefits, Plaintiff brings claims for

benefits due under Section 502(a)(1)(B) of the Employee Retirement Income Security

Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), and Colorado Revised Statute § 10-3-1116,

against Defendants the Stanley Works Long Term Disability Plan ("Stanley") and Aetna

Life Insurance Company ("Aetna").  (ECF No. 1.)  Plaintiff also brings a claim for civil

theft in violation of Colorado Revised Statute § 18-4-405 against Defendant Aetna.  (*Id.*)

Before the Court are Defendant Aetna's Partial Motion to Dismiss (ECF No. 15),

and Defendant Stanley's Partial Motion to Dismiss (ECF No. 17).  For the reasons set

forth below, Defendant Aetna's Partial Motion to Dismiss is granted in part and denied

in part, and Defendant Stanley's Partial Motion to Dismiss is granted.

# I. BACKGROUND

Plaintiff filed his Complaint on December 23, 2010. (ECF No. 1.) Plaintiff brings claims for benefits due under 29 U.S.C. § 1132(a)(1)(B) and Colo. Rev. Stat. § 10-3-1116 against both Defendants, and brings a claim for civil theft under Colo. Rev. Stat. § 18-4-405 against Defendant Aetna.[1] (*Id.*) Plaintiff alleges that he is entitled to long term disability benefits under the Stanley Works Long Term Disability Plan (the "Plan"), but that Defendant Aetna has not made a final decision regarding his claim. (*Id.*) Plaintiff further alleges that Defendant Aetna wrongfully withdrew funds previously deposited in his bank account without his consent. (*Id.*)

Both Defendants filed their Partial Motions to Dismiss on February 2, 2011. (Aetna's Motion (ECF No. 15); Stanley's Motion (ECF No. 17).) Both Motions seek dismissal of Plaintiff's claim pursuant to Colo. Rev. Stat. § 10-3-1116 (Second Claim) arguing that it is preempted by ERISA and does not apply retroactively to the Plan. (*Id.*) Defendant Aetna further moves to dismiss Plaintiff's civil theft claim (Fourth Claim) arguing that this claim is preempted by ERISA and that Plaintiff failed to allege that the funds withdrawn from his bank account actually belonged to him. (Aetna Motion at 11-15.)

Plaintiff filed his Responses to Defendants' Partial Motions to Dismiss on March 4, 2011. (Pl's. Resp to Aetna (ECF No. 28); Pl's. Resp. to Stanley (ECF No. 27.)) Defendant Stanley filed its Reply in Support of its Partial Motion to Dismiss on March

---

[1]     On April 28, 2011, Plaintiff dismissed with prejudice his "refusal to supply requested plan documents" claim under 29 U.S.C. § 1132(c) (Third Claim). (ECF No. 41.) On August 29, 2011, Plaintiff dismissed with prejudice all claims against former Defendant The Stanley Works. (ECF No. 56.)

18, 2011 (ECF No. 31) and Defendant Aetna filed its Reply in Support of its Partial Motion to Dismiss on March 21, 2011 (ECF No. 33).

## II.  LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. *See Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192-93 (10th Cir. 2009). The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

### III.  ANALYSIS

**A.     Violation of Colo. Rev. Stat. § 10-3-1116**

 Defendants seek dismissal of Plaintiff's Second Claim arguing that it is preempted by ERISA Section 502(a)(1)(B).  (Aetna Motion at 3-9; Stanley Motion at 3-6.)  Defendants further argue that, even if Colo. Rev. Stat. § 10-3-1116 is not preempted by ERISA, the statute cannot apply retroactively to the Plan.  (*Id*.)

Plaintiff counters that Colo. Rev. Stat. § 10-3-1116: (I) is not preempted by ERISA; and (ii) "should not be considered as applying retroactively" to the terms of the Plan.  (Pl's. Resp. to Aetna at 7-8.)  In short, Plaintiff does not argue that Colo. Rev. Stat. § 10-3-1116 can apply retroactively, but rather asserts that since Plaintiff's request for benefits and additional amendments were made to the Plan after the statute was enacted, Colo. Rev. Stat. § 10-3-1116 can be applied to Plaintiff's claim.  (*Id*.) Accordingly, the Court will first determine if Colo. Rev. Stat. § 10-3-1116 can be applied to Plaintiff's claim even though the statute cannot be applied retroactively.

A defendant is liable under Colo. Rev. Stat. § 10-3-1116 if: "(1) the plaintiff suffered damages; (2) the insurance company denied or delayed payment without a reasonable basis for its action; and (3) the insurance company's unreasonable conduct or position was a cause of the plaintiff's damages."  *Turner v. State Farm Mut. Auto. Ins. Co.*, 09-cv-01926, 2010 WL 3239270, at *3 (D. Colo. August 12, 2010) (internal citation omitted).  Colo. Rev. Stat. § 10-3-1116, however, does not apply retroactively because its "[r]etroactive application . . . would alter significantly those defined obligations and duties [in the insurance contract] and, would, in effect, create new and

4

enhanced obligations and duties for [the insurer]." *McClenahan v. Metro. Life Ins. Co.*, 621 F. Supp. 2d 1135, 1143 (D. Colo. 2009), *aff'd,* 416 Fed. Appx' 693, 696 (10th Cir. 2011).

Plaintiff claims he is entitled to benefits pursuant to the Plan.  (Comp. ¶¶ 39-45.) However, the Plan became effective on January 1, 2007, over one and a half years before Colo. Rev. Stat. § 10-3-1116 was enacted by the Colorado Legislature on August 5, 2008.  (Plan p. 1, attached to Aetna's Motion as Ex. A); *see also* Colo. Rev. Stat. § 10-3-1116.

As the Plan came into effect before Colo. Rev. Stat. § 10-3-1116 was enacted, the Court finds that the statute cannot retroactively apply to Plaintiff's claim.  Plaintiff argues that Colo. Rev. Stat. § 10-3-1116 is not being retroactively applied to the Plan because: (I) Plaintiff filed his claim after the statute's effective date, (ii) Defendant Aetna denied his claim after the statute's effective date, and (iii) Aetna could have amended, modified or cancelled the Plan at any time.  (Pl's. Resp. to Aetna Motion at 7.)  Plaintiff, however, cites no authority for his assertion.  The Court finds that accepting Plaintiff's position would significantly alter the Plan's defined obligations and duties and would impose additional obligations on Defendants based upon subsequently passed legislation.  As such, the Court declines to apply Colo. Rev. Stat. § 10-3-1116 to the Plan here.  *See McClenahan*, 621 F. Supp. 2d at 1143.

Accordingly, for the reasons stated above, Defendants' Partial Motions to Dismiss Plaintiff's Colo. Rev. Stat. § 10-3-1116 claim (Second Claim) are granted. Further, since Plaintiff's Colo. Rev. Stat. § 10-3-1116 claim does not apply here, the

Court does not reach the question of whether the statute might or might not be preempted by ERISA.

**B.      Violations of Colo. Rev. Stat. § 18-4-405**

Defendant Aetna also seeks dismissal of Plaintiff's civil theft claim under Colo. Rev. Stat. § 18-4-405 (Fourth Claim) arguing that Plaintiff's claim is facially insufficient because Plaintiff failed to allege that the funds Aetna withdrew from Plaintiff's bank account belonged to him.  (Aetna Motion at 11-15.)  Defendant Aetna further argues that Plaintiff's civil theft claim is preempted by ERISA.  (*Id.*)  Plaintiff counters that his civil theft claim states a claim for relief and is not preempted by ERISA.  (Pl's. Resp. to Aetna at 13-16.)

Colo. Rev. Stat. § 18-4-405 "does not define the term 'theft,' but that term is understood in accordance with its definition in Colo. Rev. Stat. § 18A-401(1)."  *Cent. Garden & Per Co. v. Paladin Commer. Group, LLC*, 07-cv-02224, 2008 WL 3852683, at *2 (D. Colo. Aug. 19, 2008) (citing Colo. Rev. Stat. § 18-4-401(1)(a),(d)).  Colo. Rev. Stat. § 18-4-401 "defines the crime of theft to consist of three elements: (I) knowingly obtaining or exercising control over anything of value of another; (ii) without authorization, or with authorization obtained by threat or deception; and (iii) one of several culpable mental states, including intending to permanently deprive the owner of the use of the property or demanding improper consideration as a condition of returning the property." *Id*.

Under Fed. R. Civ. P. Rule 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  "The

purpose of a modern complaint is to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are true, that the claimant has a legal right to relief." *Monument Builders of Greater Kansas City, Inc., v. Am. Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989) (quotations omitted).

Here, Plaintiff's Complaint, read in its entirety and as a whole, states that Plaintiff was the owner of the funds in his bank account that were allegedly withdrawn by Defendant Aetna without Plaintiff's permission or authority.  (Compl. ¶¶ 24, 26, 57-61.) This allegation, if true, gives Defendant Aetna fair notice of the basis of Plaintiff's civil theft claim.  *See Monument Builders of Greater Kansas City, Inc.*, 891 F.2d at 1480. Therefore, Plaintiff's civil theft claim under Colo. Rev. Stat. § 18-4-405 states a claim for relief.

Defendant Aetna further argues that Plaintiff's civil theft claim is preempted by ERISA.  (Aetna Motion at 12-15.)  ERISA's express conflict preemption provision provides that ERISA shall supersede any and all State laws insofar as they may now or hereafter "relate" to an ERISA plan.  29 U.S.C. § 1144(a); *Felix v. Lucent Techs, Inc.*, 387 F.3d 1146, 1153-54 (10th Cir. 2004).  However, this language must be applied with the objectives of ERISA and the effect of the state law in mind.  *See Egelhoff v. Egelhoff, ex rel. Breiner*, 532 U.S. 141, 147 (2001).  "[L]aws of general application-not specifically targeting ERISA plans-that involve traditional areas of state regulation and do not affect 'relations among the principal ERISA entities-the employer, the plan, the

plan fiduciaries, and the beneficiaries'-often are found not to 'relate to' an ERISA plan." *Airparts Co. Inc. v. Custom Benefit Servs. of Austin*, 28 F.3d 1062, 1064-65 (10th Cir. 1994). Moreover, "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Id*. (citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n.21 (1983)). "What triggers ERISA preemption is not just any indirect effect on administrative procedures but rather an effect on the primary administrative functions of benefit plans, such as determining an employee's eligibility for a benefit and the amount of that benefit." *Id*. (internal quotation and citations omitted).

Defendant Aetna primarily relies upon *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174 (11th Cir. 2006) for its contention that Plaintiff's civil theft claim is preempted by ERISA. (Aetna Motion at 13-14.) However, *Jones* is readily distinguishable from the facts here as the money at issue there was allegedly withheld from plaintiffs when their health insurance was canceled, as opposed Plaintiff's allegation that Defendant Aetna withdrew funds from Plaintiff's bank account without his consent. *See Id*.; Compl. ¶¶ 24, 26, 57-61.

While the source of the funds here may be the subject of an ERISA dispute, Plaintiff's civil theft claim, based on withdrawing funds from his bank account without permission, is simply too remote and peripheral to the regulatory aims of the federal statute for the Court to find that it "relates to" the Plan under the principles of ERISA preemption. *See Airparts Co. Inc.*, 28 F.3d at 1064-65. Moreover, Defendant has failed to bring to the Court's attention any apposite case law which compels a contrary

view.  Accordingly, Defendant Aetna's Partial Motion is Dismiss Plaintiff's civil theft claim under Colo. Rev. Stat. § 18-4-405 (Fourth Claim) is denied.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Defendant Aetna's Partial Motion to Dismiss (ECF No. 15) is GRANTED IN PART and DENIED IN PART;

2.      Defendant Stanley's Partial Motion to Dismiss (ECF No. 17) is GRANTED;

3.      Defendants Aetna and Stanley's Motions to Dismiss Plaintiff's claim for violation Colo. Rev. Stat. § 10-3-1116 (Second Claim) is GRANTED;

4.      Defendant Aetna's Motion to Dismiss Plaintiff's civil theft claim under Colo. Rev. Stat. § 18-4-405 (Fourth Claim) is DENIED;

5.      Plaintiff's claim for violation Colo. Rev. Stat. § 10-3-1116 (Second Claim) is DISMISSED WITH PREJUDICE; and

6.      Plaintiff's civil theft claim under Colo. Rev. Stat. § 18-4-405 (Fourth Claim) remains pending against Defendant Aetna.

Dated this 21st day of March, 2012.

BY THE COURT:

William J. Martínez
United States District Judge

9