IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 10-cv-03124-WJM-CBS

JOHN S. HOLLINGSHEAD,

    Plaintiff,

v.

THE STANLEY WORKS LONG TERM DISABILITY PLAN and
AETNA LIFE INSURANCE COMPANY,

    Defendants.

**ORDER MAKING ORDER TO SHOW CAUSE ABSOLUTE AND
DECLINING TO CONTINUE TO EXERCISE SUPPLEMENTAL
JURISDICTION OVER PLAINTIFF'S STATE LAW CIVIL THEFT CLAIM
AND DISMISS SAME WITHOUT PREJUDICE**

On December 23, 2010, Plaintiff John S. Hollingshead initiated this action by filing a Complaint. (ECF No. 1.) On March 22, 2012, exercising its independent duty to examine its subject matter jurisdiction, *see Phelps v. Hamilton*, 122 F.3d 1309, 1315-16 (10th Cir. 1997), the Court entered an Order to Show Cause requiring Plaintiff to show why the Court should not decline to continue to exercise supplemental jurisdiction over Plaintiff's state law claim and dismiss same without prejudice. (ECF No. 69.) Plaintiff's response to the Order to Show Cause was filed on April 2, 2012 (ECF No. 70), and Defendants' Response to Plaintiff's Order to Show Cause submission was filed April 9, 2012 (ECF No. 72).

While the Court may exercise supplemental jurisdiction over Plaintiff's civil theft claim, Plaintiff, as the party invoking the jurisdiction of this Court, bears the burden of

establishing that such jurisdiction is proper. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). Federal supplemental subject matter jurisdiction over state law claims "is extended at the discretion of the court and is not a plaintiff's right." *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). However, "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enters. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

The instant suit is not yet at trial, so issues of judicial economy and fairness are not implicated here. *See Carnegie-Mellon Univ.,* 484 U.S. at 350. Rather, now that Defendant Aetna has reversed its previous denial of Plaintiff's Long Term Disability benefits, Plaintiff's only remaining federal claim, brought under Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), appears to be moot, at least insofar as Plaintiff's underlying claim for benefits is concerned. (ECF Nos. 70, 72.) As such, there is no longer, if there ever was one, a compelling reason to continue to maintain supplemental jurisdiction over Plaintiff's remaining state law claim.

Accordingly, the Court finds that the remaining claim in this action would be better addressed in state court. *See Brooks v. Gaenzle,* 614 F.3d 1213, 1229 (10th Cir. 2010); *TV Commc'ns Network, Inc.*, 964 F.2d at 1028; *Thatcher Enters.*, 902 F.2d at 1478. The Court declines to continue to exercise its supplemental jurisdiction over Plaintiff's remaining state law civil theft claim, the Court's Order to Show Cause (ECF No. 69) is MADE ABSOLUTE, and Plaintiff's state law civil theft claim is DISMISSED WITHOUT PREJUDICE.

The Court notes that the parties are scheduled for a Status Conference before U.S. Magistrate Judge Craig B. Shaffer on April 24, 2012. Among other things, the parties shall be prepared to discuss with Judge Shaffer at this Status Conference a proposed schedule for the prompt resolution of any remaining matters at issue in this action attendant to Plaintiff's federal ERISA claim.

Dated this 13th day of April 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge