**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-03124-WJM-CBS

JOHN S. HOLLINGSHEAD,

      Plaintiff,

v.

THE STANLEY WORKS LONG TERM DISABILITY PLAN and
AETNA LIFE INSURANCE COMPANY,

      Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES, COSTS, AND PREJUDGMENT INTEREST**

---

In this action involving long term disability benefits, Plaintiff John S. Hollingshead

brought claims for benefits due under Section 502(a)(1)(B) of the Employee Retirement

Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), and related claims against

Defendants the Stanley Works Long Term Disability Plan ("Stanley") and Aetna Life

Insurance Company ("Aetna").  (ECF No. 1.)  Before the Court is Plaintiff's Motion for

Attorney's Fees, Costs, and Prejudgment Interest ("Motion").  (ECF No. 76).  For the

reasons set forth below, Plaintiff's Motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff filed his Complaint on December 23, 2010.  (ECF No. 1.)  Plaintiff

brought ERISA and related claims against both Defendants, and brought a claim for

civil theft under Colo. Rev. Stat. § 18-4-405 against Defendant Aetna.[1]  (*Id*.)  Plaintiff

---

[1]      On August 29, 2011, Plaintiff dismissed with prejudice all claims against former
Defendant The Stanley Works.  (ECF No. 56.)

alleged that he was entitled to long term disability benefits under the Stanley Works Long Term Disability Plan (the "Plan"), but that Defendant Aetna did not provide those benefits or make a final decision regarding Plaintiff's claim. (*Id.*)

On October 20, 2011, Aetna reversed its denial of Plaintiff's claim, finding that Plaintiff was eligible for benefits under the Plan. (ECF No. 76, Ex. B.) On December 2, 2011, Aetna issued an award letter calculating Plaintiff's benefits and making payment of benefits under Plaintiff's policy. (*Id.*, Ex. C.) Pursuant to the terms of Aetna's award letter, Aetna has continued to pay benefits to Plaintiff to the present time. (ECF No. 76 at 5.)

On March 21, 2012, the Court granted in part and denied in part Defendants' Motions to Dismiss. (ECF No. 68.) Specifically, the Court dismissed Plaintiff's claim for violation Colo. Rev. Stat. § 10-3-1116, but denied Defendants' Motion to Dismiss Plaintiff's civil theft claims against Aetna. (*Id.*) Plaintiff's civil theft claims were subsequently dismissed without prejudice. (ECF No. 73.)

On May 18, 2012, Plaintiff filed a Motion for Attorney's Fees, Costs, and Prejudgment Interest. (ECF No. 76.) Plaintiff seeks a total of $30,501.51 in fees and costs, and an unspecified amount of prejudgment interest on his award of disability benefits. (ECF No. 76-4.) Defendants filed their Response to Plaintiff's Motion on June 8, 2012 (ECF No. 77), and Plaintiff filed his Reply in Support of his Motion on June 19, 2012 (ECF No. 78).

The Motion is now ripe for resolution.

## II. LEGAL STANDARD

Pursuant to 29 U.S.C. § 1132(g)(1), in an ERISA action, courts have the

discretion to allow reasonable attorneys' fees and costs to either party. A party need

not be a "prevailing party" under 29 U.S.C. § 1132(g)(1) in order for the court to properly

award fees. *Hardt v. Reliance Standard Insurance Company*, 130 S.Ct. 2149 (2010).

Rather, courts consider the following factors in exercising their discretion to award fees

and costs: (1) the degree of the offending party's culpability or bad faith; (2) the degree

of the ability of the offending party to satisfy an award of attorneys' fees; (3) whether or

not an award of attorneys' fees against the offending party would deter other persons

acting under similar circumstances; (4) the amount of benefit conferred on members of

the plan as a whole; and (5) the relative merits of the parties' positions. *Id*. at 2157-58.

A district court need not consider each factor, and no single factor is dispositive.

*Deboard v. Sunshine Mining and Refining Co.*, 208 F.3d 1228, 1244 (10th Cir. 2000). If

the factors support an award of attorneys' fees, a district court must limit the amount of

fees and costs to a reasonable amount. *Hensley v. Eckerhart*, 461 U.S. 424, 433

(1983).

### III.  ANALYSIS

#### A.  Attorney's Fees and Costs

Plaintiff argues that he is entitled to his attorney's fees and costs because he

achieved success on the merits of his claim, and because the five factors described

above favor an award. (ECF No. 76 at 7-11.) In response, Defendants contend that

Plaintiff is not entitled to his fees and costs because he did not obtain a judgment to

support such a finding, and because the factors do not support an award in this case.

(ECF No. 77 at 8-14.) Defendants also argue that if fees and costs are awarded, they

should be substantially reduced.  (*Id*. at 14-19.)

Based upon a thorough analysis of the briefs and the legal standards described above, the Court finds that Plaintiff did achieve some success on the merits and as a consequence is entitled to an award of attorney's fees and costs.

Only after Plaintiff filed this lawsuit and engaged in extensive litigation and motion practice did Defendant Aetna ultimately reverse its finding and award Plaintiff benefits under the Plan.  Indeed, Plaintiff endured a nearly two-year fight to obtain benefits that were originally paid to him, but later taken away.  On June 24, 2010, Defendant Aetna's appeal specialist reversed the denial of Plaintiff's claim and sent the claim back to an "operations team."  (ECF No. 76 at 2-6.)  However, Aetna representatives then reversed their own appeal specialist, denying Plaintiff's claim on March 15, 2011.  (*Id*.)  More than six months later, Aetna reversed itself yet again, determining that Plaintiff was entitled to benefits.  (*Id*.)

On these facts, under the first factor described above, Defendants' actions support an award of fees and costs to Plaintiff.  *See Hardt*, 130 S.Ct. at 2157-58. Despite Defendants' argument, a plaintiff is not required to first obtain a judgment on the merits in order to recovery reasonable attorneys' fees and costs in an ERISA action, and the Court will not impose such a hurdle.  *Id.*; *see also Schneider v. Wis. UFCW Unions and Employers Health Plan*, 13 F. Supp. 2d 837, 840 (E.D. Wis. 1998) (finding no evidence of actual bad faith, but noting that the plan's "hard-nosed approach" leaned "inappropriately far towards protecting its assets to the detriment of a beneficiary").  As such, the first factor supports an award of fees.

Under the second factor, Plaintiff alleged the Defendant Aetna has the ability to satisfy an award of attorneys' fees, and Defendant Aetna has not denied that allegation.[2]  Under the third factor, an award of fees will likely lead Defendants to properly award benefits in a more efficient and timely manner in the future, without the need for extensive and costly litigation.  Factors four and five described above are not particularly relevant to the facts of this case, and have little to no impact on the Court's decision.

Based on the factors described above, the Court concludes that Plaintiff's benefits will be unjustly diminished if he is not awarded the reasonable attorney's fees and costs he incurred in the litigation of the instant action.  Therefore, the Court finds that an award of attorney's fees and costs is proper in this case.

## B. Amount of Award

The Court next turns to an analysis of the amount of reasonable attorney's fees and costs to be awarded.  Plaintiff seeks a total of $30,501.51 in fees and costs.[3]  (ECF No. 76-4.)  Defendants argue that Plaintiff's claim for fees is unreasonable, includes noncompensable fees and costs, and must be substantially reduced.  (ECF No. 77 at 14-19.)  Defendants seek a reduction of $20,835.00 in attorney's fees and a reduction in costs of $1,849.91.  (*Id.*)  Defendants further assert that, at most, Plaintiff should be

---

[2]     Aetna's 2011 Annual Report states that the company achieved "full-year operating earnings of $1.97 billion . . ."  Aetna 2011 Annual Report, available at http://www.aetna.com/2011annualreport/financial-highlights.html.

[3]     Plaintiff's counsel has detailed Plaintiff's fees and costs incurred in connection with the handling of his claims in two separate affidavits attached to Plaintiff's Motion.  (ECF No. 76, Exs. D, E.)

awarded $6,975.00 in attorney's fees for prosecution of Plaintiff's claims over the course of the last two and one-half years. (*Id.*)

An award of fees and costs by a District Court must be reasonable. *Hensley*, 461 U.S. at 433; *see also Thompson v. Union Sec. Ins. Co.*, 07-cv-1062, 2011 WL 346467, at *4 (D. Kan. Feb. 02, 2011). However, "[t]he amount of the award [ ] remains within the district court's discretion." *Thompson*, 2011 WL 346467, at *4 (citing *Carter v. Sedgwick County*, 36 F.3d 952, 956 (10th Cir. 1994); *see also Harris Mkt. Research v. Marshall Mktg. & Commc'ns, Inc.*, 948 F.2d 1518, 1527-28 (10th Cir. 1991) (applying an abuse of discretion standard and noting "an appellate court plays a 'limited role' in reviewing a district court's award of attorneys' fees and costs, and deference is given to a district court's judgment on the matter") (internal citation omitted).

The Court finds that the requested amount of attorney's fees and costs is for the most part reasonable.[4] However, in its discretion, the Court will reduce the total amount of attorney's fees and costs awarded to Plaintiff by five percent. Such a reduction is appropriate as some of the time entries by Plaintiff's counsel appear to be slightly excessive for the nature of the task involved. *See Thompson*, 2011 WL 346467, at *4-8. Accordingly, Plaintiff is awarded a total of $28,976.44 in fees and costs.

---

[4] While Defendants argue that a number of Plaintiff's counsel's time entries are improper, Plaintiff's counsel has affirmed that any entries cited by him do not include time for clerical work actually performed by the paralegal, a clerk, or by an administrative assistant, and do not include any time not directly related to this litigation. (ECF No. 78 at 9-13.) As Plaintiff's counsel is a longstanding attorney and officer of the Court, the Court is satisfied regarding his representations on the disputed billing entries.

### C.  Prejudgment Interest

Plaintiff also requests an unspecified award of prejudgment interest for the withholding of his benefits.  (ECF No. 76 at 10.)  An award of prejudgment interest in an ERISA case is within the Court's discretion.  *LaAsmar v. Phelps Dodge Corp.,* 605 F.3d 789 (10th Cir. 2010); *Kellogg v. Metro. Life Ins. Co.*, 549 F.3d 818, 825 (10th Cir. 2008).  However, there has been no judgment in this case.  Plaintiff has not provided any legal authority, and the Court has not found authority, that would support an award of prejudgment interest in the absence of a judgment.  Because there is no judgment upon which a prejudgment interest award could be based, Plaintiff's request for prejudgment interest is denied.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Plaintiff's Motion for Attorney's Fees, Costs, and Prejudgment Interest (ECF No. 76) is GRANTED IN PART and DENIED IN PART;

2.    Plaintiff's Motion for Attorney's fees and costs is GRANTED, and Plaintiff is awarded a total of $28,976.44 in attorney's fees and costs;

3.    Defendants shall pay the sum awarded to Plaintiff on or before January 11, 2013; and

4.    Plaintiff's Motion for Prejudgment Interest is DENIED.

Dated this 11th day of December, 2012.

BY THE COURT:

William J. Martínez
United States District Judge